UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MONICA SAENZ, as Personal**
**Representative of the Estate of**
**JESSE SAENZ, Deceased,**

    **Plaintiff,**

    v.                                                                  **CIV. NO. 09-30 MCA/ACT**

**THE CITY OF RATON, CHRIS EDMONDSON,**
**LEONARD M. BACA, JR., NOLBERTO**
**DOMINGUEZ, and VINCENT MARES,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' Motion to Stay filed January 22, 2009 [Doc. 8]. Defendants are requesting a stay of all proceeding pending resolution of the criminal proceedings against Defendants Chris Edmondson ("Edmondson"), Leonard M. Baca, Jr. ("Baca"), and Nolberto Dominquez ("Dominguez"). Plaintiff filed a Response on January 27, 2009 [Doc. 9] and Defendants filed a Reply on January 27, 2009 [Doc. 10]. Upon review of all the pleadings and being otherwise advised in the premises, the Court finds that Defendants' Motion is not well taken and will be denied.

This case arises out of the death of Jesse Saenz ("Saenz"), after his arrest on November 18, 2007, by members of the Raton Police Department. On December 12, 2008, a grand jury indicted Edmondson, Baca and Dominguez for manslaughter, in the death of Saenz.

In determining whether to stay a lawsuit on the grounds that a criminal proceeding is pending the court considers the following:

> "The Court should take into account the particular circumstances and competing interests involved in the case....including the extent to which [a defendant's] Fifth Amendment rights are implicated."

*Casas v. City of Overland Park*, 2000 WL 1310516 (D. Kan. 2000) (citations omitted).

The Court should also consider:

> (1) the interest of plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on [a defendant]; (3) the convenience of the Court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.*

Defendants assert that a stay should be imposed because there are different discovery rules in criminal and civil proceedings and thus Plaintiff will "obtain[] much information which would not be available to the criminal prosecutors in the normal course of the criminal case." Reply at 4. The Court does not find this argument persuasive because the Defendants have not provided any specific facts in support of their argument. Defendants, thus, are seeking a ruling based upon a hypothetical. When and if Plaintiff requests discovery that would not be available to the prosecutors, Defendants may assert their Fifth Amendment rights or file motion for a protective order, if appropriate.

In addition, the posture of the case before the Court does not support a stay of all proceedings. Two of the Defendants are not facing criminal charges. The Defendants who were indicted are free to assert their Fifth Amendment privilege against self-incrimination in response to any question in discovery or at trial. *Mid-America's Process Serv. v. Ellison*, 767 F.2d 684, 686 (10th Cr. 1985 (citing *United States v. Kordel*, 397 U.S. 1, 7-8 (1970)). The Court is aware of the potential prejudice they may suffer from asserting their Fifth Amendment rights. *Id.* at 686.("The

individual petitioners unquestionably may assert a Fifth Amendment privilege in this civil case and refuse to reveal information properly subject to the privilege (citation omitted) in which event they may have to accept certain bad consequences that flow from that action.)  The Court must balance this concern with the Plaintiff's interest in proceeding with the case.  The criminal charges were filed on December 12, 2008 and thus the criminal proceedings are in the early stages.  It is unknown how long it will take before the criminal charges are "resolved."  The Court has obligations under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, to reduce the costs of litigation.

Having considered the competing interests and the implications of Edmondson, Baca and Dominguez asserting their Fifth Amendment rights the Court will deny a stay at this stage of the proceedings.

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**